IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV277-03-MU

| | |
|---|---|
| HARRY C. LEE, | ) |
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| R. DAVID MITCHELL, Superintendent Mountain View Correctional Inst., SID HARKLEROAD, Superintendent Marion Correctional Inst. | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed August 16, 2005. (Document No. 1.)

Plaintiff alleges that beginning sometime in 2002 and continuing until sometime in 2003, he was periodically required to urinate for a standard drug test and was not able to do so. Each time he was unable to urinate for a standard drug test he was placed in segregation. From 2002 to sometime in 2003, Plaintiff was housed at Mountain View Correctional Institution. Sometime in 2003, Plaintiff was transferred to Marion Correctional Institution. Plaintiff alleges that while housed at Marion Correctional Institution he learned that one of the side effects of one of the drugs he was taking caused difficulty in urinating.

The only defendants named in Plaintiff's Complaint are the superintendents of both Mountain View Correctional Institution and Marion Correctional Institution. In general, respondeat superior is inapplicable in § 1983 suits. However, liability may attach to a supervisor or official if the conduct directly causing the deprivation was undertaken to effectuate official policy or custom

for which official is responsible. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

Plaintiff does not allege that Defendants Mitchell or Harkleroad were specifically involved in his drug testing process and does not allege any official policy for which these Defendants were responsible. Plaintiff does not allege facts which would support liability against Defendants Mitchell or Harkleroad. Therefore, there is no valid cause of action against them and they are dismissed from the case. Because they are the only defendants named in the Complaint, Plaintiff's Complaint is dismissed for failure to state a cause of action.

## II. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**Signed: August 24, 2005**

Graham C. Mullen
Chief United States District Judge